PEARSON, J.

FILED

2011 SEP 30  PM 5: 06

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALVERTA WILLIAMS, | ) | CASE NO. 1:10CV02454 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| RICHLAND COUNTY CHILDREN | ) | |
| SERVICES, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** (Resolving ECF Nos. 4 & 15) |

Plaintiff Alverta Williams ("Plaintiff" or "Williams") filed the present race

discrimination action against Defendant Richland County Children Services, Defendant Randy J.

Parker ("Parker") in his individual and official capacity, Defendant Richland Newhope Center

(collectively "Richland Defendants"), and Defendant Ohio District 5 Area Agency on Aging (the

"Agency"), alleging violations of federal and Ohio statutory law.  ECF Nos. 1; 14.

Pursuant to Fed. R. Civ. P. 12(b)(6), Richland Defendants and the Agency filed motions

to dismiss Plaintiff Williams' complaint.  ECF Nos. 4; 15.  Plaintiff opposes the motions, and the

above named Defendants have filed replies.  ECF Nos. 9; 11; 17; 18.

For the reasons that follow, Richland Defendants' motion to dismiss is granted in part and

denied in part.  The motion is granted in part as to the § 1981 claim against Defendants Richland

County Children Services,  Richland Newhope Center, and Randy J. Parker in his official

capacity, and the § 1985 claim, breach of contract, tortious interference with contract against all of

the Richland Defendants.  The motion is denied in part as to the § 1981 claim against Defendant

(1:10CV02454)

Randy J. Parker ("Parker") in his individual capacity and the § 1983 claim against all of the

Richland Defendants.  The Court grants the Agency's motion to dismiss, in its entirety.  The

Agency is hereby removed as a Defendant to the instant lawsuit.  ECF No. 15.

## I. **Background**

This case involves alleged discriminatory actions perpetrated by Richland Defendants and

the Agency against Williams.  Plaintiff Williams is an African-American owner of a company

that, among other services, provides housing and transportation for the elderly and special needs

individuals.  ECF No. 1 at 3, ¶ 4, 7.  Richland Defendants and the Agency assign these individuals

to Williams' housing and transportation company.  ECF No. 1 at 3, ¶ 7.  Williams' claims that

Richland Defendants and the Agency racially discriminated against her by implementing stricter

operating standards, disparate placement of potential clients, and decreased transportation

assignments.  ECF No. 1.

### A.     **Allegations Regarding Richland Defendants**

Williams alleges Richland Defendants violated 42 U.S.C. §§ 1981, 1983, and 1985, and

asserts claims for state law breach of contract and tortious interference with contract.  ECF No. 1.

Williams alleges that Richland Defendants placed only very difficult clients with her

services while placing less difficult clients with the services of Caucasian competitors.  ECF No. 1

at 5, ¶ 12.  Williams asserts that Richland Defendants removed an aggressive patient from her

home and placed the patient in a Caucasian owner's facility after the patient began "acting out" to

an extent requiring police involvement.  ECF No. 1 at 6-7, ¶¶ 19, 22-24.  Defendant Parker

refused to meet with Williams to discuss these issues.  ECF No. 1 at 7, ¶ 25.  She further claims

2

(1:10CV02454)

that she has been subject to stricter operating standards, such as being precluded from owning the homes in which her clients are placed, while agencies owned by Caucasian competitors are permitted to own the placement homes. ECF No. 1 at 5, ¶ 14. Williams contends that she has received a smaller share of assignments for services than Caucasian competitors. ECF No. 1 at 5, ¶ 15.

### B. Allegations Regarding the Agency

Williams alleges that the Agency violated 42 U.S.C. §§ 1981, 1985, O.R.C. § 4112, and asserts state law tortious interference with contract. ECF No. 14.

In Williams' more definite statement, she alleges that the Agency interrogated clients when they requested Williams' services and assigned those clients to competitors owned by Caucasians. ECF No. 14 at 3. The Agency has allegedly refused the clients' requests for Williams' services and reduced Williams' transportation assignments to fifty percent less than that of Caucasian competitors. ECF No. 14 at 4. In response, Williams complained of the assignment disparity to the Agency. ECF No. 14 at 3, 4. Williams alleges that the Agency initially responded that assignments are made on a rotating basis, and later added that the Caucasian competitor, Apple Lane, received assignments for lower prices. ECF No. 14 at 3.

### II. Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-plead allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3

(1:10CV02454)

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Despite the overruling of *Conley v. Gibson*, 355 U.S. 41, 47 (1957), it remains that Fed. R. Civ. P. 8(a)(2), is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"Although this is a liberal pleading standard, it requires more than the bare assertion of legal conclusions. Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *First Am. Title Co. v. DeVaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (quoting *Se. Tex. Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir. 2006)). In other words, claims set forth in a complaint must be plausible, not just than conceivable. *Twombly*, 550 U.S. at 570. "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 U.S. at 1950 (citing Fed.R.Civ.P. 8(a)(2)).

To determine whether a claim should proceed, the Supreme Court has set forth a legal "plausibility standard" to assess whether the facts convincingly suggest actionable conduct, rather than merely describing conduct that actually occurred. *Twombly*, 550 U.S. at 556 n.3; *see* RAKESH N. KILARU, *The New Rule 12(b)(6): Twombly, Iqbal, and the Paradox of Pleading*, 62

4

(1:10CV02454)

Stan. L. Rev. 905, 910-11 (2010).  Applying this standard, district court judges should weigh the

facts and determine, when necessary, whether they are sufficient to "nudge [the] claims across the

line from conceivable to plausible" based on their "judicial experience and common sense."

Twombly, 550 at 570; Iqbal, 129 S. Ct. at 1950.  A suit may proceed as long as plaintiff's

complaint crosses that threshold.  Twombly, 550 at 570.

Notably, a court's skepticism about whether the alleged conduct had actually occurred

does not justify dismissal of a complaint.  Alternatively, the Twombly Court instructed lower

courts to ask whether the facts alleged in the complaint actually constitute actionable conduct.

Twombly, 550 U.S. 564-70 (holding that the legal plausibility standard mandated dismissal).

### III. Discussion

#### A.    Violation of 42 U.S.C. § 1981

In her first claim for relief, Williams alleges that she was denied the right to make and

enforce contracts with all of the Defendants due to her race in violation of 42 U.S.C.

§ 1981.  ECF No. 1 at 2.  The Agency, however, moves to dismiss Williams' § 1981 claim on the

basis that because it is a government entity, a claim under 42 U.S.C. § 1981 cannot be made

against it.  ECF No. 15-1 at 2.  The Court agrees.

In Arendale v. City of Memphis, 519 F.3d 587, 594-99 (6th Cir. 2008), the Sixth Circuit

held that a cause of action under 42 U.S.C. § 1981 cannot be brought against state actors.  See

Arendale, 519 F.3d at 594-99 (upholding Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 109 S.Ct.

2702 (1989)).  Thus, with respect to Defendants Richland County Children Services, Richland

Newhope Center, and the Agency, who are all identified by Williams in the complaint as

(1:10CV02454)

"departments and/or municipal corporations," (ECF No. 1at 3) the Court dismisses the § 1981 claim against them due to their governmental status.

Although Williams disputes the Agency's classification as a government entity by pointing out that the Ohio Revised Code defines "Area Agency on Aging" as "a public or private non-profit entity"[1] (ECF No. 17 at 4), the statutory definition hardly prohibits the Court from concluding that the Agency holds a governmental status. Indeed, in *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 296 (2001) "the Supreme Court noted that a challenged activity may be state action . . . when it is entwined with governmental policies or when government is entwined in [its] management or control." *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 178 (6th Cir. 2008) (citing *Brentwood*, 531 U.S. at 296) (internal quotation marks and citations omitted).

In this case, Ohio statutory law reveals that the Agency is one of twelve regional offices established under the direction and control of the Ohio Department of Aging ("ODA"), pursuant to federal law–Older Americans Act. *See* R.C. 173.14 to 173.26.; *see also* 1995 Ohio Op. Att'y Gen. No. 95-001, at *5. Accordingly, the Court finds that the Agency's entwinement with public institutions permits it to be categorized as such. *See Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 177-180 (6th Cir. 2008) (holding that Defendants-Appellees/Cross-Appellants Region VII Area Agency on Aging, which was likewise developed pursuant to the Older

---

[1] In reply to Williams' brief in opposition, the Agency admits to being a private entity. ECF No. 18 at 2. The Agency argues, however, that when complying with laws applied to government entities, it should also be given the protections afforded to government entities. ECF No. 18 at 3.

6

(1:10CV02454)

Americans Act, in the state of Michigan, acted under of color law given its pervasive entwinement with public institutions); *see also Fuerst v. Ohio Dep't of Aging*, 2007 Ohio 1926, P14 (Ohio Ct. Cl. 2007) (" It is undisputed [that one of twelve regional offices concerning aging] is a state entity under the direction and control of defendant, Department of Aging, pursuant to R.C. 173.15")

With respect to Defendant Randy J. Parker, Williams' § 1981 claim against him in his official capacity constitutes a claim against his employer, Richland County Children Services. *Hester v. City of Memphis*, 2007 U.S. Dist. LEXIS 15512 (W.D. Tenn. Mar. 5, 2007). Therefore, this claim is likewise dismissed. *See Arendale*, 519 F.3d at 594-99 (6th Cir. 2008).

Thus, the sole remaining § 1981 claim is against Parker in his individual capacity. The Richland Defendants contend, however, that this claim also fails on the basis that Williams has failed to established a *prima facie* case for racial discrimination under the statute. ECF No. 4 at 5.

"A plaintiff establishes a *prima facie* case under § 1981 by showing (1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (*i.e.* the making and enforcement of contracts)." *Daniels v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004). One way for the claimant to establish the second element, the defendant's intent to discriminate, is to show that he was treated differently from similarly situated nonmembers of the protected class. *Turner v. Gonzales*, 421 F.3d 688, 694 (8th Cir. 2005); *see also Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 868 (6th Cir. 2001).

Contrary to Defendants' assertion, the Court finds that Williams' complaint alleges well-pleaded factual allegations that plausibly give rise to a § 1981 entitlement of relief. Because

7

(1:10CV02454)

Williams indicates that she is an African-American, she meets the first required element–showing

membership in a protected class. Additionally, by alleging that the Richland Defendants,

including Parker, (1) placed difficult clients in her facility while placing less difficult clients in

Caucasian competitors' facilities, (2) precluded Williams from owning homes while Caucasian

competitors were allowed to own homes, and (3) provided Williams less assignments than

Caucasian competitors, Williams pleads sufficient factual allegations indicating that she was

treated differently from similarly situated non-members of the protected class,[2] which satisfies the

second element. And as to the last element–showing that the discrimination interfered with the

making and enforcement of contracts–the foregoing allegations along with Williams' assertion

that Richland Defendants "have engaged in activity designed to disrupt plaintiff's business and

discredit her in the community"[3] –satisfy this requirement as well.

     Accordingly, the Court denies Richland Defendants motion to dismiss Williams' § 1981

claim against Parker in his individual capacity.

    **B.**    **Violation of 42 U.S.C. § 1983[4]**

---

   [2] Williams' allegation regarding the removal of the aggressive patient does not alone state a claim under 42 U.S.C. § 1981 because Williams does not provide a factual basis to prove that the removal was based on her race or that similarly situated nonmembers of the protected class were treated differently (*e.g.* not having an aggressive patient removed after an incident requiring police involvement).

   [3] ECF No. 1 at 6

   [4] Although Williams' complaint purports to allege a violation of § 1983 claim against Defendants generally, Williams' more definite statement with respect to Defendant Agency does not assert a § 1983 claim against the Agency and Williams does not bring up the § 1983 claim in her opposition to the Agency's motion to dismiss. The Court, therefore, interprets the § 1983 claim as applying only against the Richland Defendants.

8

(1:10CV02454)

To establish a claim under 42 U.S.C. § 1983, a Plaintiff must demonstrate (1) the deprivation of a constitutional right and (2) Defendant's responsibility for the deprivation. *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).

In her second claim for relief, Williams asserts that Richland County Defendants' actions constituted a deprivation of three rights–the "right to freedom of enterprise", right to equal protection, right to due process of laws." ECF No. 1 at 10. The Court, however, finds that minimally, Williams has sufficiently pleaded a § 1983 claim under the Equal Protection Clause against the Richland Defendants.[5]

The threshold element of an equal protection claim is disparate treatment. To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class. *Howard v. City of Southfield*, 97 F.3d 1452, at *5 (6th Cir. 1996). Based on the Court's aforementioned finding that the Complaint contains sufficient factual basis to support a disparate treatment claim under a § 1981 claim, Williams likewise satisfies this requirement under a § 1983 claim.

## 1. Municipal Liability Under § 1983

As to Defendants Richland County Children Services, Richland Newhope Center, and Randy J. Parker, in his official capacity, Williams must put forth additional allegations to impose

---

[5] With respect to Williams' claim that the Richland Defendants violated her right to freedom of enterprise, the Court concurs with Defendants that there is no such recognized right. ECF No. 4 at 9. As to the sufficiency of Williams' allegation that the Richland Defendants violated her right to due process, the Court has declined to address this issue in the interest of judicial efficiency and economy, in light of the Court's determination that Williams' § 1983 claim survives the motion to dismiss stage.

(1:10CV02454)

liability against these Defendants.  The Supreme Court's instruction is clear: "[A] local

government may not be sued under § 1983 for an injury inflicted solely by its employees or

agents."  Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Thus, in order for a

plaintiff to impose liability on a municipality under § 1983, a plaintiff must identify a municipal

"policy" or "custom" that caused the plaintiff's injury.  See  Bd. of County Comm'rs of Bryan

County, Okla. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell, 436 U.S. at 694); Pembaur v.

City of Cincinnati, 475 U.S. 469, 480-81 (1986).

> A custom for purposes of Monell liability must be so permanent and well settled as
> to constitute a custom or usage with the force of law.  In turn, the notion of law
> must include deeply embedded traditional ways of carrying out state policy.  It must
> reflect a course of action deliberately chosen from among various alternatives.  In
> short, a custom is a legal institution not memorialized by written law.

Doe v. Claiborne County, Tenn., 103 F.3d 495, 507-08 (6th Cir. 1996) (internal quotation marks

and citations omitted).

In this case, Williams' claims sufficiently allege unconstitutional policies or customs

utilized by the Richland Defendants.  Williams' alleges that the Richland Defendants (1) placed

difficult clients in her facility while placing less difficult clients in Caucasian competitors'

facilities, (2) precluded Williams from owning homes while Caucasian competitors were allowed

to own homes, and (3) provided Williams less assignments than Caucasian competitors.  ECF No.

1.  Such allegations are sufficient, at the pleading stage, to demonstrate a factual basis of disparate

treatment from similarly situated nonmembers of the protected class, which, as addressed above,

is one way to establish a defendant's intent to discriminate.  Richland Defendants' motion to

dismiss Williams' § 1983 claim is therefore, denied.

10

(1:10CV02454)

## 2. Individual Liability Under § 1983.

The Richland Defendants, nonetheless seek dismissal of Williams' § 1983 claim against Defendant Randy J. Parker, in his individual capacity on the grounds of qualified immunity. Richland Defendants argue that to avoid dismissal on grounds of qualified immunity, Williams would have to show that Parker acted "objectively unreasonable under the circumstances." ECF No. 4 at 13-14. They argue that the removal of the aggressive patient from Williams' facility was not objectively unreasonable after circumstances requiring police involvement. ECF No. 4 at 15. Moreover, they argue that Parker had no legal obligation to meet with Williams to discuss the removal of the patient from Williams' facility. ECF No. 4 at 15. Because Parker's alleged actions were, according to Richland Defendants, not objectively unreasonable under the circumstances, they aver that qualified immunity from Williams' claims is appropriate. ECF No. 4 at 15.

Williams responds by stating that a reasonable official under the same circumstances as Parker would know that Parker's actions violated constitutional rights. ECF No. 9 at 17.

Qualified immunity claims are analyzed under the following three-part test: (1) whether a constitutional right was violated; (2) whether that right was clearly established and one of which a reasonable person would have known; and, (3) whether the official's action was objectively unreasonable under the circumstances. *Kinkus v. Village of Yorkville*, 289 Fed.Appx. 86, 90 (6th Cir. 2008).

As discussed above, Williams sufficiently pleads that the Richland Defendants, including Parker, violated a constitutional right, *i.e.* her right to equal protection. Williams' right to be free

11

(1:10CV02454)

from discriminatory treatment is clearly established and one of which a reasonable Executive Director of a County Children Services Agency would know. Lastly, although Williams' § 1981 and § 1983 claims are vague and directed generally at all Richland Defendants, her allegations state a plausible claim that Parker's conduct was objectively unreasonable under the circumstances. *See Livingston v. Luken*, 151 Fed.Appx. 470, 476 (6th Cir. 2005) (upholding the district court's denial of qualified immunity despite the complaint's vague allegations against a city official, encompassed by general allegations against "defendants," because it was conceivable that plaintiff could present sufficient additional evidence to prove the official acted unreasonably). Accordingly, Richland Defendants' motion to dismiss the § 1983 claim against Parker, in his individual capacity is, therefore, denied.

### C.     Violation of 42 U.S.C. § 1985

Both Richland Defendants and the Agency argue that Williams' § 1985 claim must be dismissed because Williams fails to allege a factual basis to support the existence of a conspiracy. ECF Nos. 4 at 13; 15-1 at 2.

In response, Williams repeats her allegation that Richland Defendants and the Agency conspired against her on the basis of race. ECF No. 17 at 6.

To establish a claim under 42 U.S.C. § 1985, a plaintiff must prove (1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, and (3) an act in furtherance of the conspiracy which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Johnson v. Hills & Dales General Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994).

12

(1:10CV02454)

Williams' complaint fails to provide factual allegations contending a conspiracy involving Richland Defendants or the Agency. Thus, Williams does not plead sufficient factual allegations to state a plausible claim for relief for a violation of § 1985. Richland Defendants and the Agency's motions to dismiss Williams' § 1985 claim are, therefore, granted.

### D. Violation of Ohio Revised Code Chapter 4112[6]

The Agency moves to dismiss Williams' violation of R.C. Chapter 4112 claim on the basis that the discriminatory acts, alleged by Williams, do not fall under the categories of discrimination prohibited by the statute. ECF No. 15-1 at 5. R.C. Chapter 4112 prohibits discrimination of certain entities, such as employers, labor organizations, educational institutions, places of public accommodation, etc. ECF No. 15-1 at 3. Because the Agency does not fall under any of the categories of listed entities under Chapter 4112, and Williams does not allege that the Agency is an entity listed under Chapter 4112, the Agency argues that Williams' R.C. Chapter 4112 claim must be dismissed. ECF No. 15-1 at 3-5.

In her opposition brief, Williams contends that the Agency faces liability under R.C. Chapter 4112 as it can be considered an employer of Williams, a place of public accommodation, or face liability under R.C. § 4112.02(J), which outlaws obstructing or preventing any person complying with R.C. Chapter 4112. ECF No. 17 at 6-8.

---

[6] Although Williams' complaint alleges violation of R.C Chapter 4112 against Defendants generally, Williams' more definite statement with respect to Defendant Agency asserts the R.C Chapter 4112 claim against the Agency. Richland Defendants do not address the R.C Chapter 4112 claim in their motion to dismiss and Williams does not reassert the R.C Chapter 4112 claim in her opposition. The Court, therefore, interprets the R.C Chapter 4112 claim as applying only against the Agency.

13

(1:10CV02454)

The record is clear: Williams presents no factual allegations establishing the Agency as a public accommodation or establishing that the Agency violated O.R.C. § 4112.02(J). As to Williams' claim that Agency is considered an employer, the Court must conduct a more detailed inquiry into her allegation.

Williams specifically argues that R.C. Chapter 4112 does not require a technical employer-employee relationship, and that the Agency should face liability as an employer because of the Agency's ability to control Williams' job performance and employment opportunities. ECF No. 17 at 7.

R.C. Chapter 4112 states, in pertinent part:

It shall be an unlawful discriminatory practice:

(A) For any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment. . .

(G) For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation. . .

(J) For any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice. O.R.C. § 4112.02 (A), (G), (J).

"Place of public accommodation" means any inn, restaurant, eating house, barbershop, public conveyance by air, land, or water, theater, store, other place for the sale of merchandise, or any other place of public accommodation or amusement of which the accommodations, advantages, facilities, or privileges are available to the public. O.R.C. §

14

(1:10CV02454)

4112.01 (A)(9).

Section 4112.02(A) does not apply to independent contractors. *Haynes v. Kirby Co.*, 78 F.3d 584 at *3 (6th Cir. 1996). In Ohio, however, O.R.C. § 4112.02(A) will apply if the relationship between the parties is an employer-employee relationship, rather than an independent contractor relationship. *Id.* Courts distinguish employee and independent contractor status by determining whether the employer has the right to control the manner in which the work is performed. *Id.* The following elements are considered in determining the independent contractor/employee question: the hiring party's right to control the manner and means by which the product is accomplished; the skill required by the hired party; the duration of the relationship between the parties; the hiring party's right to assign additional projects; the hired party's discretion over when and how to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the hiring party's regular business; the hired party's employee benefits; and tax treatment of the hired party's compensation. *Simpson v. Ernst & Young*, 100 F.3d 436, 443 (6th Cir. 1996). No one factor is dispositive. *Id.*

After analyzing the aforementioned factors as well as additional case law within this Circuit, the Court finds Williams to be an independent contractor and not an employee of the Agency. Williams makes no allegations in the Complaint or arguments in the Brief in Opposition that the Agency retained any control over how she carried out her transportation assignments or the routes she took. There is also no indication that the Agency provided Williams with a car or other vehicle to conduct her transportation duties or that the Agency held Williams out as being an employee. Rather, Williams' complaint highlights the independent nature of her relationship

15

(1:10CV02454)

with the Agency. The Complaint indicates that she operates her own business, a business that

provides numerous services, only one of which is the transportation service which forms the basis

of Williams' claims against the Agency. The Complaint also alleges that Williams does business

with several different agencies, including all of the co-Defendants named herein. Williams'

allegations also state that she is not paid by the Agency, but rather "from various sources,

including but not limited to Medicaid/Medicare".[7]

And even though Williams contends that the Agency has significant control over her

duties, as the Agency dictates "whom she transports, the amount charged, the nature of the trips

assigned, and whether the work is part of the defendant's regular business" (ECF No. 17 at 8),

case law is clear that a worker's lack of discretion is not an indication of employee status,

particularly when the lack of discretion is the result of governmental regulation. *See NLRB v.*

*Silver King Broadcasting*, 1996 U.S. App. LEXIS 12628, 6-7 (9th Cir.1996) (stating "the fact that

a putative employer incorporates into its regulations controls required by a government agency"

does not contribute to employee status") (citations omitted); *see also North American Van Lines,*

*Inc. v. N.L.R.B.*, 869 F.2d 596, 599 (D.C. Cir. 1989).

Accordingly, the Agency's motion to dismiss Williams' claim of violation of R.C. Chapter

4112 on the basis that the Agency does not fall under any categories of R.C. Chapter 4112 is,

---

[7] *See Bryson v. Middlefield Volunteer Fire Dep't, Inc.*, 2011 U.S. App. LEXIS 18447, 15-16 (6th Cir. 2011) ("Our decision to consider remuneration as a factor when determining whether a employment relationship exists comports with Darden's instruction that, when evaluating a particular relationship, all of the incidents of the relationship must be assessed and weighed with no one factor being decisive.") (quotations and citations omitted).

(1:10CV02454)

therefore, granted.[8]

### E.    Breach of Contract[9]

In their motion to dismiss, the Richland Defendants do not dispute the plausibility of Williams' breach of contract claim. In their arguments for dismissal of Williams' federal law claims, however, Richland Defendants insinuate that Williams' breach of contract claim would be more appropriately handled in state court. ECF No. 4 at 9-10.

In opposition, Williams does not elaborate on her breach of contract claim, but rather reiterates that the acts of Richland Defendants "constitute breach of contract." ECF No. 9 at 7.

The elements for a breach of contract claim are that a plaintiff must demonstrate by a preponderance of the evidence (1) that a contract existed, (2) that the plaintiff fulfilled his obligations, (3) that the defendant failed to fulfill his obligations, and (4) that damages resulted from this failure. *Telxon Corp. v. Smart Media of Delaware, Inc.*, Case Nos. 22098, 22099, 2005 WL 2292800, at *20 (Ohio App. 9 Dist. Sept. 21, 2005).

Williams fails to allege facts regarding the existence of a contract. Moreover, Williams does not allege what her contractual obligation was or whether she fulfilled a contractual obligation, and she does not allege what Richland Defendants' obligation was or whether Richland Defendants failed to fulfill that obligation. Because Williams does not establish three of

---

[9]  Although Williams' complaint alleges a breach of contract claim against Defendants generally, Williams' more definite statement with respect to Defendant Agency does not assert a breach of contract claim against the Agency and Williams does not address the breach of contract claim in her opposition to the Agency's motion to dismiss. The Court, therefore, interprets the breach of contract claim as applying only against the Richland Defendants.

17

(1:10CV02454)

the necessary elements of a breach of contract claim, Williams fails to state a plausible claim

entitling her to relief for breach of contract. Richland Defendants' motion to dismiss Williams'

breach of contract claim is, therefore, granted.[10]

### F.    Tortious Interference with Contract

In their motion to dismiss, Richland Defendants do not dispute Williams' tortious

interference with contract claim, but, rather imply that state contract claims are better handled in

state court. ECF No. 4 at 9-10.

The Agency claims immunity from Williams' tortious interference with contract claim on

the basis that it is a political subdivision as defined by R.C. Chapter 2744, and that a political

subdivision is immune from liability for intentional tort claims. ECF No. 15-1 at 5-7.

In response to the Richland Defendants' motion, Williams does not elaborate on her

allegation of tortious interference with contract. Instead, Williams repeats that Richland

Defendants' actions "constitute . . . interference with plaintiff's contractual relations." ECF No. 9

at 7. In response to the Agency's motion, Williams argues that the Agency is not a political

subdivision entitled to immunity because it is a private, non-profit corporation. ECF No. 17 at 9.

The elements of the tort of tortious interference with contract are (1) the existence of a

contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional

procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages.

*Union Sq. Realty, Inc. v. Golfers & Hackers, Inc.*, Case No. 2010 CA 00005, 2011 WL1466308,

---

[10] The Court declines to address Richland Defendants' argument that Williams' breach of contract claim would be better addressed in State court because Williams fails to plead a *prima facie* case for breach of contract.

18

(1:10CV02454)

at *7 (Ohio App. 5 Dist. Apr. 18, 2011) (quoting *Siegel Co. L.P.A. v. Arter & Hadden*, 85 Ohio

St.3d 171, 176 (1999)).

As previously addressed, Williams fails to allege the existence of a contract. Because

Williams does not establish a necessary element of a tortious interference with contract claim,

Williams fails to state a plausible claim entitling her to relief for tortious interference with

contract. Richland Defendants and the Agency's motions to dismiss Williams' tortious

interference with contract claim are, therefore, granted.

### IV. Conclusion

For the reasons above, Richland Defendants' motion to dismiss is granted in part and

denied in part. The motion is granted in part as to the § 1981 claim against Defendants Richland

County Children Services, Richland Newhope Center, and Randy J. Parker in his official

capacity, and the § 1985 claim, breach of contract, tortious interference with contract against all of

the Richland Defendants. The motion is denied in part as to the § 1981 claim against Defendant

Randy J. Parker in his individual capacity and the § 1983 claim against all of the Richland

Defendants. The Court grants the Agency's motion to dismiss, in its entirety. The Agency is

hereby removed as a Defendant to the instant lawsuit. ECF No. 15.

IT IS SO ORDERED.

 September 30, 2011 
Date

Benita Y. Pearson
United States District Judge

19